UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMY L. DAMOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:16-CV-231-CCS |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 19]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 20 & 21]. Amy L. Damoth ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion, and **GRANT** the Commissioner's motion.

**I.   Procedural History**

On January 9, 2014, the Plaintiff filed an application for disability insurance benefits ("DIB"), claiming a period of disability which began March 11, 2013. [Tr. 153-55]. After her application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr.

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

123]. A hearing was held before the ALJ on September 30, 2015 [Tr. 9-49], and on November 30, 2015, the ALJ found that the Plaintiff was not "disabled" [Tr. 93-101]. The Appeals Council denied the Plaintiff's request for review [Tr. 2-5]; thus, the ALJ's decision became the final decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on May 11, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner and whether the ALJ's findings are supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the

Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## III. ANALYSIS

This case involves an application for DIB. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see* 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

The Plaintiff challenges the ALJ's findings at steps four and five. [Doc. 18 at 16-20]. Having found that the Plaintiff has the RFC to perform light work with additional limitations, including, in relevant part, occasional reaching with the left upper extremity in all directions and occasional only overhead reaching with the dominate right upper extremity, the ALJ concluded at step four that the Plaintiff has past relevant work as a telephone solicitor (DOT #299.357-014) telephone sales associate (DOT # 235.662-022), bartender/server (DOT #312.474-010), and receptionist/general office clerk (DOT #209.562-010). [Tr. 96, 99]. In making this finding, the ALJ relied on a vocational expert ("VE") who "testified that based upon the claimant's residual functional capacity, the claimant could return to ***all*** past *relevant* work, as set forth in the <u>Dictionary of Occupational Titles</u>." [*Id.*] (emphasis in the original). The ALJ reasoned that the VE's "testimony shows careful analysis of the claimant's impairments and limitations," and in

4

comparing the Plaintiff's RFC for light work with additional non-exertional limitations, the Plaintiff would be able to perform the foregoing jobs as they are generally performed in the national economy. [Tr. 100].

Despite finding that the Plaintiff has past relevant work, the ALJ continued the sequential evaluation, making an alternative finding at step five that other work exists in the national economy that the Plaintiff can perform. [Tr. 100-01]. Relying on VE testimony again, the ALJ found that the Plaintiff could perform the jobs of counter attendant/cafeteria (DOT #311.477-014) and sales attendant warehouse worker (DOT #299.677-010). [Tr. 101]. The ALJ concluded that pursuant to Social Security Ruling 00-4p, the VE's testimony was consistent with the DOT and was "reasonable, based on years of experience, and serves as a basis for resolving any discrepancy or possible conflicts." [*Id.*].

The Plaintiff argues that the VE's testimony was not consistent with the DOT, including its companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"), and therefore the ALJ's reliance on the VE's testimony was error. [Doc. 18 at 16-20]. The Plaintiff submits that pursuant to Social Security Ruling 00-4p, the ALJ was required, but failed, to ask the VE whether his testimony was consistent with the DOT. [*Id.* at 17]. The Plaintiff contends that such failure was not harmless because the description of each job as provided in the DOT and SCO requires frequent reaching whereas the Plaintiff's RFC limits her to occasional reaching with the left upper extremity in all directions and occasional only overhead reaching with the dominate right upper extrmity. [*Id.* at 17-18].

The Commissioner "acknowledges" that the VE testified without identifying any potential conflict but argues that the Plaintiff's RFC does not conflict with the demands of the Plaintiff's past job as telephone solicitor, and therefore, the ALJ's step four finding is supported by substantial

5

evidence. [Doc. 21 at 4-6].

Social Security Ruling 00-4p explains that in making disability determinations, the agency relies "primar[ily] on the DOT . . . for information about the requirements of work in the national economy." 2000 WL 1898704 at *2 (2004). Because "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings," VE testimony "may be able to provide more specific information about jobs or occupations than the DOT." *Id.* at 3. As a result, the ruling imposes an affirmative duty on the ALJ to ask about any possible conflicts between the VE's testimony and information provided in the DOT. *Id.* at 4. "[O]nly if the VE testifies that there is a conflict must the ALJ seek out 'a reasonable explanation for [the] apparent conflict.'" *Frommel v. Comm'r of Soc. Sec.*, No. 1:14-CV-522, 2015 WL 3970147, at *5 (S.D. Ohio June 10, 2015), *adopted by*, No. 1:14CV522, 2015 WL 3970154 (S.D. Ohio June 30, 2015) (citing *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603–605 (6th Cir. 2009)).

Having reviewed the transcript of the administrative hearing, the Court finds that the ALJ did not ask the VE whether his testimony was consistent with the DOT. An ALJ's failure to make this inquiry, however, is harmless where the claimant fails to show that a conflict actually exists. *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013). The Plaintiff submits that the VE's testimony that the Plaintiff can perform past work and other jobs conflicts with the description of the jobs in the DOT and SCO which require frequent reaching, whereas the Plaintiff's RFC limits her to occasional reaching. Because the VE was not asked to explain the discrepancy between his testimony and the DOT, the Plaintiff contends that the ALJ's reliance on the VE's testimony constitutes reversible error.

Contrary to the Plaintiff's assertions, not all of the jobs identified by the VE require

6

frequent reaching. The job of telephone solicitor, identified by the VE as past relevant work, only requires occasionally reaching. U.S. Dep't of Labor, *DOT* § 299.357-014, 1991 WL 672624 (4th Ed. 1991) ("Reaching: Occasionally - Exists up to 1/3 of the time."); U.S. Dep't of Labor, *SCO* 08.02.08 (4th ed. 1993) (likewise identifying the exertional demand for reaching as occasional). "A claimant bears the burden of proving she cannot perform her past relevant work either as she performed the job or as the job is generally performed in the national economy." *Ellis v. Astrue*, No. 3:11-CV-535, 2012 WL 5304203, at *5 (E.D. Tenn. Oct. 4, 2012) (internal citations omitted) (citing *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987)). Other than the Plaintiff's misplaced reliance on the job's description found in the DOT and SCO, she does not present any other evidence that her RFC precludes her from performing her past job as a telephone solicitor. If a claimant is found to be able to do any past work, either as she performed it or as generally performed in the national economy, a finding of "not disabled" is appropriate. Soc. Sec. Rul. 82-61, 1982 WL 31387, at *1-2 (Jan. 1, 1982). Therefore, although the other jobs identified by the VE may require frequent lifting according to their respective descriptions in the DOT and SCO, it is of no moment where substantial evidence supports the ALJ's finding that the Plaintiff has past relevant work as a telephone solicitor.

Accordingly, the ALJ's failure to ask the VE whether his testimony conflicted with the DOT was harmless, and the Plaintiff's allegations to contrary are not well-taken. The Court finds that substantial evidence supports the VE's testimony, and the ALJ's reliance thereon, that the Plaintiff has past relevant work that she can perform. Thus, the ALJ's decision must be affirmed.

## VI. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Summary Judgment [**Doc. 17**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 20**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**.

**ORDER ACCORDINGLY**.

                                                      s/ C. Clifford Shirley, Jr.
                                                      United States Magistrate Judge